GREENE GENERAL TERM, October, 1847.   *Harris, Watson, and Parker*, Justices.

DORMAN *vs.* LONG.

Where, in an action of trespass *quare clausum fregit*, the defendant pleads specially, that the act complained of was not committed where the plaintiff, in his declaration, alleges it was, but upon an adjoining lot, where the defendant was justified in committing such act, the plea amounts to the general issue, and the plaintiff will be entitled to judgment, upon demurrer thereto.

Every plea in bar must either contain a denial of the plaintiff's allegations, or must confess and avoid the facts stated in the declaration. *Per* HARRIS, P. J.

When matter pleaded specially amounts to a mere denial of allegations which the plaintiff, under a plea of the general issue, must necessarily prove to maintain his action, it is bad, because it only amounts to the general issue.

THIS was an action of trespass *quare clausum fregit*. The declaration described the *locus in quo* as follows : " Abutted and bounded east or easterly on lot number eighteen, Lewis' patent: *on the south by lot number ten, Buffington's patent :* on the west on lot number three, Buffington's patent : on the north by lot number one, Buffington's patent." The defendant pleaded specially that " the said close &c. *is a part of lot number ten Buffington's patent* and now is and at the said several times when the said several trespasses are by the said declaration supposed to have been committed was the close, soil, and freehold of one Iram Brewster whose hired man, agent, and servant the defendant was, and under whose directions he acted &c." To this plea the plaintiff demurred ; assigning for cause, among other things, *that it amounted to the general issue.*

*S. W. Jackson*, for the plaintiff.

*L. Tremain*, for the defendant.

*By the Court*, HARRIS, P. J.   Every plea in bar must either contain a denial of the plaintiff's allegations, or must confess

and avoid the facts stated in the declaration. The former constitutes the general issue, while matter in confession and avoidance is pleaded specially. When the matter thus specially pleaded amounts to a mere denial of allegations, which the plaintiff under a plea of the general issue must necessarily prove, to maintain his action, it is bad, because it only amounts to the general issue. (1 *Chit. Pl.* 527, *9th Am. ed.*)

Let us apply these rules of pleading to the case before the court. The plaintiff alleges that the defendant has committed a trespass upon his land "*abutted and bounded on the south by lot number ten Buffington's patent.*" To sustain this allegation, under a plea of the general issue, the plaintiff must prove that the act alleged to be a trespass was committed upon the land particularly described in his declaration. The substance and import of the plea is, that the act complained of was not committed where the plaintiff alleges it was, but that it was committed on an adjoining lot, where the defendant was justified in committing such act. It does not, as every special plea should, either expressly or impliedly, confess that but for the defence set forth in the plea, the action could be sustained. On the contrary, it argumentatively denies the alleged trespass by averring that the plaintiff is mistaken in the place where the act alleged as a trespass, was in fact committed.

The plea, therefore, amounts to the general issue, and the plaintiff is entitled to judgment upon the demurrer, with liberty to the defendant to amend on payment of costs.